IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEREMY RYAN,
Defending Wisconsin PAC,

                      Plaintiff,

   v.

STATE OF WISCONSIN,

                      Defendant.

ORDER

11-cv-149-slc

---

This is a civil action for monetary and injunctive relief in which plaintiff Jeremy Ryan, who is proceeding pro se, alleges that his civil rights were violated when he was not allowed to enter the Wisconsin State Capitol to protest on February 28, 2011. Plaintiff has paid the $350 fee for filing this case.

The next step is for plaintiff to serve his complaint on the defendant. Under Fed. R. Civ. P. 4(m), a plaintiff has 120 days after filing a complaint in which to serve the defendant. However, that is an outside limit with few exceptions. This court requires that a plaintiff act diligently in moving his case to resolution. If plaintiff acts promptly, he should be able to serve his complaint on the defendant well before the deadline for doing so established in Rule 4.

For plaintiff's information, Fed. R. Civ. P. 4(j)(2) states

> A state municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
>
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Wis. Stat. § 801.11(3) provides that when serving the state, the summons and complaint should be delivered to the attorney general or left at the attorney general's office in the capitol with an assistant or clerk.

To guide plaintiff in the procedure for serving a complaint, I am enclosing copies of Fed. R. Civ. P. 4 and Wis. Stat. § 801.11(3). In addition, I am enclosing to plaintiff a summons form and an extra copy of his complaint for service on the defendant. Plaintiff should note that proof of service must be filed with the court after service has been accomplished. The back of the summons form provides space in which the person serving the defendant can attest to the time, place and manner in which service of process was made. Plaintiff is reminded that because he is a party to this lawsuit, he cannot deliver the summons and complaint to the defendant personally. Instead, he must arrange for service by someone who is not a party to the lawsuit and who is over the age of 18 years of age. Fed. R. Civ. P. 4(c)(2).

ORDER

IT IS ORDERED that plaintiff Jeremy Ryan shall promptly serve his complaint on the defendant and file proof of service of his complaint as soon as service has been accomplished. If, by May 1, 2011, plaintiff fails to submit proof of service of his complaint on the defendant or explain his inability to do so, I will direct plaintiff to show cause why his case should not be dismissed for lack of prosecution.

Entered this 2nd day of March, 2011.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge